UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

| | |
|---|---|
| JOSE CORPENING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| THE RESIDENCE OF STUART INC., | ) |
| a Florida for Profit Corporation., and | ) |
| SOSAMMA THOMAS, an individual, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| _____ | ) |

**COMPLAINT**

The Plaintiff, Jose Corpening (hereinafter "Mr. Corpening" or "the Plaintiff"), by and through his undersigned counsel, hereby files this Complaint against Defendants The Residence of Stuart Inc., a Florida for profit corporation, (hereinafter "Residence of Stuart" or "Corporate Defendant") and Sosamma Thomas (hereinafter "Ms. Thomas" or "the Individual Defendant")(collectively "the Defendants") and states as follows:

**PRELIMINARY STATEMENT**

1. The Plaintiff, Mr. Corpening, a former employee of the Defendants,

1

asserts claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq. and the Florida Minimum Wage Act ("FMWA"), Fla. Stat. 448.110(3) for unpaid minimum wages and unpaid overtime against Residence of Stuart and Ms. Thomas, who operated an institution primarily engaged in the care of the sick and the aged.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the federal claims presented under 28 U.S.C. §1331.

3. This Court has supplemental jurisdiction over the FMWA claim pursuant to 28 U.S.C. §1367(a) because the claim shares a common nucleus of operative fact with the federal claims asserted herein.

4. This Court has the power to grant declaratory relief pursuant to 28 U.S.C. §2201 and §2202.

5. Venue in this District is appropriate pursuant to 28 U.S.C. §1390(b)(3) and §1391( c) because the Defendants conduct business in this judicial district.

## PARTIES

6. Plaintiff, Mr. Corpening, was continuously employed within the meaning of 29 U.S.C.§203 as a caregiver at the Defendants' residential home for the aged located at 1048 N.W. Fork Road, Stuart, FL 34994 from on or about February

25, 2020 to on or about September 1, 2020.

7. Upon information and belief, Defendant Residence of Stuart, is a for profit corporation incorporated in the State of Florida that operates a group home for the sick and the aged in Martin County, Florida. Residence of Stuart has a business presence in the State of Florida and/or otherwise conducts business and/or provides services in the State of Florida, and is subject to the personal jurisdiction of this Court and the Courts of the State of Florida. Individual Defendant, Ms. Thomas is the Residence of Stuart's Registered Agent at 1048 N.W. Fork Road, Stuart, FL 34994.

8. At all times relevant to this action, Residence of Stuart both possessed and exercised the power and the authority to direct, control and supervise the work performed by the Plaintiff. At all times relevant to this Complaint, Residence of Stuart was an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d) as well as Fla. Stat. 448.110.

9. Upon information and belief, Ms. Thomas is, and at all relevant times was over eighteen years of age, competent, not in military service, *sui juris,* and a resident of Florida.

**EXHAUSTION OF CONDITION PRECEDENT TO FILING SUIT**

10. On or about June 7, 2021 undersigned counsel sent a letter via U.S. Certified Mail to Ms. Thomas notifying her that the Defendants violated Fla. Stat.

448.110 when they failed to pay the Plaintiff a minimum wage under Florida Law and alerting her to the fact that the Plaintiff intended to file suit if the Defendants, within fifteen days from receipt of the letter did not pay him the difference between the amount owed to him under the FMWA and the amount actually paid to him during the course of his employment. Ms. Thomas received the Certified Letter on June 10, 2021 and Counsel for the Defendants responded on June 22, 2021 stating that "The Residence...neither intends to make the payment sought by Mr. Corpening, nor meet the fifteen day state statutory deadline."

## FACTUAL ALLEGATIONS

11. Residence of Stuart is an enterprise as that term is defined in the FLSA because it operates an institution primarily engaged in the care of the sick and the aged who reside on the premises of such institution

12. Defendant Ms. Thomas hired Mr. Corpening to work as a live in caregiver for the eight or more elderly residents who resided at The Residence of Stuart.

13. Mr. Corpening was initially told that he would be paid two hundred ($200.00) dollars a week to work the night shift monitoring the residents and assisting them when they needed to use the bathroom.

14. Mr. Corpening soon found out that he was expected to work up to

4

sixteen hours a day seven days a week monitoring the residents, assisting them when they needed to use the bathroom, making their beds, changing their diapers, feeding the residents, washing their clothes, cleaning the rooms and mopping the floors among other tasks all for two hundred ($200.00) dollars a week.

## INDIVIDUAL LIABILITY

15. At all times relevant to this action, Ms. Thomas, both possessed and exercised the power and authority to direct, control and supervise the work performed by Mr. Corpening.

16. At all times relevant to this action, Ms. Thomas had the power to hire and fire Mr. Corpening, supervised and controlled Mr. Corpening's work schedule and/or conditions of employment; determined the rate and method of Mr. Corpening's payment and maintained Mr. Corpening's employment records.

17. Ms. Thomas was an "employer" of Mr. Corpening within the meaning of 29 U.S.C. §203(d) and Fla. Stat. 448.110.

## COUNT ONE - FLSA MINIMUM WAGE VIOLATIONS AGAINST DEFENDANTS JOINTLY AND SEVERALLY

18. The allegations made in the preceding paragraphs 1 through 17 above are re-alleged and incorporated herein by reference.

19. 29 U.S.C. §206(a)(1)(c) provides that an employer must pay a minimum

wage of $7.25 per hour.

20. Between the period of on or about February 2, 2020 through on or about September 1, 2020, Mr. Corpening worked up to 112 hours per week as a live-in caregiver.

21. During this period, Mr. Corpening received a salary of two hundred ($200.00) dollars a week. When dividing this salary by the weekly hours worked, Mr. Corpening was paid as little as $1.79 per hour which did not meet the applicable minimum wage mandated by the FLSA. Therefore, Mr. Corpening claims the difference between the amount paid to Mr. Corpening and the applicable minimum wage for all hours worked during the time period in question.

22. Defendants wilfully and intentionally refused to pay Mr. Corpening's minimum wages as required by the FLSA as Defendants knew of the federal minimum wage requirements under the FLSA or recklessly failed to investigate whether their payroll practices were in accordance with the FLSA.

21. Defendants remain owing Mr. Corpening these wages since the commencement of Mr. Corpening's employment with the Defendants for the time period specified above.

WHEREFORE, Plaintiff requests all amounts owed to him in unpaid minimum wages, liquidated damages and reasonable attorney's fees from the Defendants,

jointly and severally, pursuant to the FLSA together with costs, interest and any other relief that this Court finds reasonable under the circumstances.

### COUNT TWO FLORIDA MINIMUM WAGE[1] VIOLATIONS AGAINST DEFENDANTS JOINTLY AND SEVERALLY

22. The allegations made in the preceding paragraphs 1 through 17 above are re-alleged and incorporated herein by reference.

23. Fla. Stat. 448.110(3) and its implementing regulations state that employers shall pay employees a minimum wage of $8.56 beginning January 1, 2020 for a period of twelve months.

24. All statutory conditions precedent pursuant to Fla. Stat. 448.110 have been met by Mr. Corpening as alleged specifically above.

25. Between the period of on or about February 2, 2020 through on or about September 1, 2020, Mr. Corpening worked up to 112 hours per week as a live-in caregiver.

26. During this period, Mr. Corpening received a salary of two hundred ($200.00) dollars a week. When dividing this salary by the weekly hours worked, Mr. Corpening was paid as little as $1.79 per hour which did not meet the applicable

---

[1] To the extent Plaintiff's claim for the Florida Minimum Wage overlaps Plaintiff's claim for the Federal Minimum Wage, Plaintiff is claiming the higher of the two applicable rates.

minimum wage mandated by Fla. Stat. 448.110. Therefore, Mr. Corpening claims the difference between the amount paid to Mr. Corpening and the applicable minimum wage for all hours worked during the time period in question.

27. Defendants wilfully and intentionally refused to pay Mr. Corpening's minimum wages as required by Fla. Stat. 448.110 as Defendants knew of the federal minimum wage requirements under Fla. Stat. 448.110 or recklessly failed to investigate whether their payroll practices were in accordance with Fla. Stat. 448.110.

28. Defendants remain owing Mr. Corpening these wages since the commencement of Mr. Corpening's employment with the Defendants for the time period specified above.

WHEREFORE, Plaintiff requests all amounts owed to him in unpaid minimum wages, liquidated damages and reasonable attorney's fees from the Defendants, jointly and severally, pursuant to Fla. Stat. 448.110 together with costs, interest and any other relief that this Court finds reasonable under the circumstances.

### COUNT THREE - FEDERAL OVERTIME WAGE VIOLATION AGAINST DEFENDANTS JOINTLY AND SEVERALLY

29. The allegations made in the preceding paragraphs 1 through 17 above are re-alleged and incorporated herein by reference.

30. 29 U.S.C. §207(a)(1) requires an employer to pay an employee overtime

at a rate of not less than one and a half times the employee's regular hourly rate for each hour that the employee works over forty hours in a workweek.

31. Between the period of on or about February 2, 2020 through on or about September 1, 2020, Mr. Corpening worked up to 72 hours of overtime per week as a live-in caregiver.

32. During that period, Mr. Corpening is owed three dollars and sixty-three cents ($3.63) for each of the up to 72 hours a week of overtime that he worked being half the Federal Minimum Wage that he was entitled to be paid.

33. Defendants wilfully and intentionally refused to pay Mr. Corpening's overtime wages as required by the FLSA as Defendants knew of the federal overtime wage requirements under the FLSA or recklessly failed to investigate whether their payroll practices were in accordance with the FLSA.

34. Defendants remain owing Mr. Corpening these wages since the commencement of Mr. Corpening's employment with the Defendants for the time period specified above.

WHEREFORE, Plaintiff requests all amounts owed to him in unpaid overtime wages, liquidated damages and reasonable attorney's fees from the Defendants, jointly and severally, pursuant to the FLSA together with costs, interest and any other relief that this Court finds reasonable under the circumstances.

## COUNT FOUR - DECLARATORY JUDGMENT

35. The allegations made in the preceding paragraphs 1 through 17 above are re-alleged and incorporated herein by reference.

36. The parties to this action are in dispute as to their respective rights, privileges and/or obligations under the FLSA and Fla. Stat. 448.110, and require declaratory relief as to what those respective rights, privileges and obligations are.

WHEREFORE, Plaintiff respectfully requests the Court to declare that the Defendants violated their obligations under the FLSA and Fla. Stat. 448.110 to pay the Plaintiff at the regular minimum wage rates under the FLSA and Fla. Stat. 448.110 and at the regular overtime wage rates under the FLSA

## DEMAND FOR JURY TRIAL

Plaintiff, demands trial by jury on all counts alleged above.

Dated this 26th day of June, 2021.

Respectfully Submitted,

*/s/ Anthony V. Falzon*
Anthony V. Falzon, Esquire
Florida Bar No. 69167
Primary Email: tony@anthonyfalzon-law.com
Secondary Email: assistant@anthonyfalzon-law.com
ANTHONY V. FALZON P.A.
12000 Biscayne Boulevard
Suite 100
Miami, FL 33181
Telephone: (786) 703 4181
Facsimilie: (786) 703 2961
*Attorney for Plaintiff*